JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC, a Delaware Limited Liability Company, | CASE NO. CV 23-2091-GW-ASx |
| Plaintiff, | **FINAL JUDGMENT AND ORDER** |
| v. | |
| XIAMEN MANHEI TECHNOLOGY CO., LTD. d/b/a XIAMENMANHEIKEJIYOUXIANGONGSI and HSIAMEN; XIAMEN MENHU ECOMMERCE CO., LTD. d/b/a XIAMENMANHEIKEJIYOUXIANGONGSI and HSIAMEN; and MINGWEI ZHANG, | |
| Defendants. | |

This matter came before the Court on the motion by Plaintiff AIRDOCTOR, LLC (hereafter "Plaintiff" or "AirDoctor") for entry of default judgment against Defendants XIAMEN MANHEI TECHNOLOGY CO., LTD. d/b/a XIAMENMANHEIKEJIYOUXIANGONG SI and HSIAMEN; XIAMEN MENHU ECOMMERCE CO., LTD. d/b/a XIAMENMANHEIKEJIYOUXIANGONG SI and HSIAMEN; and MINGWEI ZHANG (hereafter "Defendants"). The Court, having reviewed the motion, all papers in support and opposition, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1125.

2. This Court has jurisdiction over these claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2).

4. Plaintiff AirDoctor, LLC is a Delaware limited liability company with its principal place of business in Sherman Oaks, California.

5. Defendants are foreign individuals/entities located in China.

6. AirDoctor is the owner of federal trademark registrations covering its AIRDOCTOR[1] and ULTRAHEPA trademarks. Plaintiff AirDoctor owns U.S. Trademark Reg. No. 5177385 for AIRDOCTOR in Class 11 ("AIRDOCTOR Registration" and "AIRDOCTOR Mark", respectively) and U.S. Trademark Reg. No. 6300545 for ULTRAHEPA in Class 11 ("ULTRAHEPA Registration" and "ULTRAHEPA Mark", respectively).

7. Defendants operate the storefront, "HsiaMen" where they sell the substandard, imitation replacement filters under the "HSIAMEN" brand (the

---

[1] Unless otherwise noted, the Capitalized terms herein shall have the meaning assigned to them in the First Amended Complaint (Dkt. No. 38).

"Substandard Filters") on Amazon.com. First Amended Complaint (Dkt. No. 32) (hereinafter "FAC"), at ¶¶ 16-18, 43 - 45.  On Amazon.com, Defendants advertise that their Products are "HEPA" grade, are "100% compatible" with Plaintiff's AirDoctor Air Purifiers, and "Fit Like A Glove in AD3000 Air Purifier" in the AirDoctor Air Purifier. Dkt. No. 47 at ¶¶ 46-50, Exs. H-I.

8. In their advertising and packaging of the Substandard Filters, Defendants convey the message to consumers that the Substandard Filters meet the HEPA standard to trap 99.97% of airborne particles with a size of 0.3 microns. *Id*. at ¶ 48.  Moreover, by claiming the Substandard Filters are "compatible" and "fit" AirDoctor units, Defendants indicate that the Substandard Filters perform just as Plaintiff's AirDoctor UltraHEPA Filters do within the AirDoctor Air Purifiers, and that they properly fit in the AirDoctor Air Purifiers to maintain a sealed system. *Id*.

9. Third-party laboratory testing of the Substandard Filters showed that the Substandard Filters do not meet the meet the minimum HEPA standard to filter 99.97% of particles as small as 0.3 microns when used in the AirDoctor Air Purifiers and that the Substandard Filters fail to meet the performance and efficiency of genuine AirDoctor UltraHEPA filters. *Id*. at ¶ 51, Ex. J.

10. The Substandard Filters are not "compatible" or a "fit" AirDoctor Air Purifiers because the Substandard Filters use frames made from paper and foam which do not form a proper seal in the AirDoctor Air Purifier unit and, thereby, allow unfiltered air to pass directly between the frame and filter materials which significantly reduces the performance of the Substandard Filters and the AirDoctor Air Purifiers, and do not filter air in a "compatible"/equivalent manner to genuine AirDoctor UltraHEPA filters.

11. The industry-standard, third-party product research firm Helium-10, reports that from December 2021 through April 2024, Defendants sold 9,879 units of the Substandard Filters.

12. On November 20, 2023, the Court granted Plaintiff's application for an order authorizing alternative service of process.  Dkt. 22.

13.     In accordance with the Court's order, Plaintiff served the summons and First Amended on Defendants, but Defendants have not responded to the First Amended Complaint or otherwise appeared or participated in this action. *See* Dkt. 22, 51.

14.     Because Defendants failed to appear or otherwise file a responsive pleading to the First Amended Complaint, Plaintiff requested entry of default on May 6, 2024. Dkt. 57. The Clerk entered Defendants' default on May 9, 2024. Dkt. 58.

15.     Defendants are not minors, infants, or otherwise incompetent persons, and the Servicemembers Civil Relief Act does not apply. *Id*.

16.     Under Federal Rule of Civil Procedure 55(b)(2), because Defendants have not appeared in these proceedings, notice of default judgment proceedings is not required.

17.     Accordingly, the Court grants Plaintiff's request for damages under the Lanham Act in the form of Defendants' revenues on sales of the Substandard Filters. The Court hereby enters judgment against Defendants, in favor of Plaintiff, in the amount of $638,839.00.

18.     The Court further finds that this case is "exceptional" under the Lanham Act and grants Plaintiff an award of attorneys' fees in the amount of $16,376.78 according to the schedule set forth in Local Rule 55-3.

19.     The Court grants Plaintiff's request for a permanent injunction ("Permanent Injunction") as follows:

20.     Defendants, including any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, parent corporations and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants (including, without limitation, the Amazon.com storefront "HsiaMen" and any and all related Amazon.com storefront(s), including, without limitation, those owned and/or operated by Defendants) and other persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (collectively the "Enjoined Persons"), are, within 14 days after the issuance of this Permanent Injunction, hereby permanently restrained and enjoined from:

a. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or otherwise possessing any Substandard Filters;

b. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling or otherwise possessing any Substandard Filters and/or incompatible replacement filters for any AirDoctor Air Purifier that expressly or impliedly uses the any of the following claims:

   i. "HEPA";
   ii. "HEPA Filter";
   iii. "True HEPA";
   iv. "TRUE HEPA FILTER"
   v. "H13 True HEPA Filter"
   vi. "We promise to use H13 true HEPA filter which is approved to remove 99.97% of airborne particles down to 0.3 microns in size";
   vii. "Our filter is compatible with air purifier doctor models AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002";
   viii. Is "compatible with" or "for" AirDoctor Air Purifiers;
   ix. "Fits" or "Fits Snugly for AD3000 Air Purifier"; and
   x. Provides the same or equivalent performance to AirDoctor UltraHEPA Filters.

c. Using the terms "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or the terms "Air Dr.", "Air Doctor", AD3000, AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002, to advertise, market, offer to sell, or sell the

Substandard Filters specifically, or any incompatible replacement air filters, generally;

d. Making any false statements or representations or engaging in any other activity that suggests that Defendants, their products, or business(es) are in any way affiliated with or approved, licensed, endorsed, or sponsored by AirDoctor (or any parent, subsidiary, or affiliate of AirDoctor);

e. Not bid on or use "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or the terms listed in Paragraph 20(c) above, in any internet advertising for listings for the Substandard Filters specifically, or incompatible replacement air filters, generally, including on Amazon.com;

f. Not bid on or use "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark, the AirDoctor model names or the terms listed in Paragraph 20(c) above, as SEO terms for search engine searches to advertise listings for the Substandard Filters specifically, or incompatible replacement air filters, generally, including on Amazon.com;

g. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred above in subparts 20(a) – (f), above.

21. Within 14 days following issuance of this Permanent Injunction, the Enjoined Persons shall include the following disclaimer on all future advertising and packaging the Substandard Filters, or any replacement filters intended for use in AirDoctor Air Purifiers, in bold, clear and prominent text:

**This is not a product manufactured, sold or otherwise associated with the manufacturer. This product does not meet HEPA filtration standards or the performance standards of the manufacturer's genuine**

**filters when used in your air purifier. Use of this product will reduce the performance of your air purifier, may damage the unit, and voids the manufacturer warranty.**

22. In addition, Defendants shall provide the following corrective statement in the form attached as **Exhibit A** to all retailers, e-commerce websites, brokers, distributors, dealers, wholesalers, importers, influencers, and customers who have purchased the Substandard Filters.

23. Within 14 days following the issuance of the Permanent Injunction, all Enjoined Persons shall remove, from all physical or web-based points of sale, all of Substandard Filters that use any of the terms set forth in Paragraph 20(b), above.

24. Plaintiff may serve notice of this judgment on Defendants via any of the alternative means previously approved by the Court.

IT IS SO ORDERED.

Dated: June 11, 2024

HON. GEORGE H. WU,
United States District Judge

# EXHIBIT A

TO:		Our Customers and Retail Partners

SUBJECT: Corrective Statement Relating to the Advertising and Propmotion of HsiaMen Relacement Filters

On March 21, 2023, AirDoctor LLC filed a civil lawsuit against XiaMenManHeiKeJiYouXianGongSi and HsiaMen alleging false and deceptive advertisng of the HsiaMen brand replacement filters they marketed for use in AirDoctor's AD3000 Air Purifier. On January 9, 2024, AirDoctor LLC filed its First Amended Complaint naming Defendants Xiamen Manhei Technology Co., Ltd. d/b/a XiaMenManHeiKeJiYouXianGongSi and HsiaMen; Xiamen Menhu e-commerce Co., Ltd. d/b/a XiaMenManHeiKeJiYouXianGongSi and HsiaMen; and Mingwei Zhang. On June 6, 2024, the United States District Court for the Central District of California entered a default judmgent against Xiamen Manhei Technology Co., Ltd. d/b/a XiaMenManHeiKeJiYouXianGongSi and HsiaMen; Xiamen Menhu e-commerce Co., Ltd. d/b/a XiaMenManHeiKeJiYouXianGongSi and HsiaMen; and Mingwei Zhang.

As part of the default judgment, the Court issued a permanent injunction enjoining Xiamen Manhei Technology Co., Ltd. d/b/a XiaMenManHeiKeJiYouXianGongSi and HsiaMen; Xiamen Menhu e-commerce Co., Ltd. d/b/a XiaMenManHeiKeJiYouXianGongSi and HsiaMen; and Mingwei Zhang from selling, offering to sell, marketing, promoting, or advertising their HsiaMen brand replacement filters as "HEPA" filters, "compatible with", "fit", or provide equivalent performance to AirDoctor's genuine UltraHEPA filters. Attached as **Exhibit 1** to this letter is a copy of the Permanent Injunction.

The Court further ordered removal, from all physical or web-based points of sale, all incompatible air filers that use any of the terms set forth in the Permanent Injunction, including "HEPA"; "HEPA Filter"; "True HEPA"; "TRUE HEPA FILTER"; "H13 True HEPA Filter"; or use of "AirDoctor", the AIRDOCTOR Mark, the ULTRAHEPA Mark,

the AirDoctor model names or the terms "Air Dr.", "Air Doctor", AD3000, AD3000M, AD3000pro, Part No. ADF3001, ADF3002, to advertise, market, offer to sell, or sell the incompatible air filters specifially identified in the Lawsuit, or other incompatible replacement air filters.

- 8 -
[PROPOSED] JUDGMENT
CASE NO. 2:23-cv-02091-GW(ASx)